UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JASON LEVINE, on behalf of himself ) <br> And all similarly situated former employees ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RAC DEALERSHIP, LLC, d/b/a ) <br> AMERICAN CAR CENTER. ) <br> ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. _____ <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY DEMANDED** |

Jason Levine (the "Plaintiff"), on behalf of himself and a putative class of similarly situated former employees as defined herein, brings this suit against Defendant RAC Dealership, LLC, d/b/a American Car Center ("American Car Center"), by way of this Class Action Complaint against Defendant, alleging as follows:

## NATURE OF THE ACTION

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), by the Plaintiff on his own behalf and on behalf of the other similarly situated persons against Defendant American Car Center, his employer for WARN Act purposes.

2. On or about February 24, 2023, American Car Center made a mass layoff by, unilaterally and without notice to employees or staff, terminating approximately 288 employees at its Memphis, TN facility, located at 6775 Lenox Center Ct., Memphis, Tennessee, 38115.

3. American Car Center failed to provide 60 days advance written notice to employees or staff as required by the WARN Act, 29 U.S.C. § 2101 *et seq.,* to the affected employees.

1

4. On February 24, 2023, American Car Center informed the affected employees that their services would no longer be required and that they were not required nor allowed to report for work.

5. American Car Center's reduction in forces constituted a mass layoff or plant closing which became effective on that same day—February 24, 2023. As such, Plaintiff and other similarly situated employees, should have received the full protection afforded by the WARN Act.

## JURISDICTION AND VENUE

6. This Court has Jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

## PARTIES

8. Plaintiff Jason Levine is a citizen of the United States and resident of Shelby County, Tennessee. Plaintiff Levine was employed by American Car Center at all relevant times. Plaintiff is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7).

9. Defendant American Car Center is a Delaware corporation with its principal place of business at 6400 Winchester Rd., Memphis, Tennessee, 38115. Defendant American Car Center may be served via its registered agent, Corporation Service Company, 2908 Poston Ave, Nashville, TN 37203.

10. American Car Center is the responsible entities for the operation of the facility located at 6775 Lenox Center Ct., Memphis, Tennessee 38115, and one or all of such entities

employed the affected employees of American Car Center and as is the entity liable for the actions alleged in this complaint.

## FACTS

11. American Car Center is a Memphis-based used car dealership.

12. On or about February 24, 2023, without notice or warning, American Car Center informed, by written documents and verbal communications, all employees at its Memphis, TN location that it was abolishing positions and terminating their employment effective that same day and that terminated employees would perform no additional compensated services.

13. Three days later, on February 27, 2023, American Car Center filed an announcement, signed by Assistant Director of Business Solutions Houston Shaw, with the Tennessee Department of Labor and Workforce Development, advising that 288 employees of American Car Center located at the Memphis, TN facility were separated on February 24, 2023.

14. American Car Center did not provide any WARN Act Notice as required by 29 U.S.C. §§ 2101 *et seq*. even though it planned to abolish, terminate, and/or layoff over one-hundred full-time employees employed there.

15. Upon information and belief, no circumstances existed that would have permitted American Car Center from reducing the notification period as provided in 29 U.S.C. § 2102(b).

16. By failing to provide its affected employees who were temporarily or permanently terminated on or around February 24, 2023, with WARN Act Notices and other benefits, Defendant has acted willfully and cannot establish that it had any reasonable grounds or basis for believing its actions were not in violation of the statute.

## **RULE 23 CLASS ACTION ALLEGATIONS**

18. Plaintiff brings his WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> All employees of American Car Center at the Memphis, TN facility whose were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 30 days of February 24, 2023.

19. Class Action treatment of WARN Act claims are appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

   a. The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

   b. Questions of law and fact are common to the class, including, *inter alia*, whether Defendant provided adequate notice of its mass layoff under the WARN Act, 29 U.S.C. § 2102. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

   c. Plaintiff is a member of the class, and their claims are typical of the claims of other class members. Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

   d. Plaintiff will fairly and adequately represent the class and its interests. Moreover, Plaintiff has retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

20. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

21. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

22. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

**VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101, *et seq*.**
**COUNT I**
**(WARN Act)**

23. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

24. American Car Center is an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

25. Plaintiff and those he seeks to represent were at all relevant times "affected employees" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

26. The February 24, 2023, permanent layoffs of at least 288 employees at the Memphis facility resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the employees and at least 50 employees.

27. For purposes of 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II), the Memphis, TN facility constitutes a single site of employment in that the Memphis, TN facility was the location to which relevant employees were assigned as their home base, the place from which their work was assigned, and the place to which they reported for work.

28. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

29. On information and belief, prior to February 24, 2023, Defendant did not give any prior written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and those they seek to represent, as that term is defined in 29 U.S.C § 2101(a)(5). Nor upon information and belief did Defendant give any *prior* written notice to the Tennessee Department of Labor and Workforce Development, or to the chief elected official of the local government within which the mass layoff was ordered. Rather, Defendant waited until three days later to do so.

30. Defendant violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 U.S.C. § 2102(a), which began on or about February 24, 2023.

6

31. As such, Plaintiff and those he seeks to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

32. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. *See* 29 U.S.C. § 2104(5).

33. Moreover, Defendant's violations of the WARN Act were not in good faith, and Defendant had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiff as a representative of the Class and her counsel of record as Class Counsel.

2. A declaration that Defendant has violated the WARN Act;

3. A judgment against Defendant and in favor of Plaintiff and those he seeks to represent for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

4. A judgment against Defendant and in favor of Plaintiff and those he seeks to represent for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and those he seeks to represent during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B);

5. A finding that Defendant's violations of the WARN Act were and are willful, not in good faith, and that Defendant had no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102;

6. A judgment against Defendant and in favor of Plaintiff and those he seeks to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7. A judgment against Defendant for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3); and,

8. Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

9. Plaintiff demands a trial by jury.

This the 17 day of March 2023.

Respectfully submitted,

By: *s/J. Gerard Stranch, IV*
J. Gerard Stranch, IV (BPR #023045)
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com

Samuel J. Strauss*
Raina C. Borrelli*
**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, WI 53703

T: (608) 237-1775
F: (608) 509-4423
sam@turkestrauss.com
raina@turkestrauss.com

Lynn A. Toops*
Amina A. Thomas*
**COHEN & MALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenandmalad.com
athomas@cohenandmalad.com

*\* Pro Hac Vice applications to be submitted*

*Counsel for Plaintiff and the Proposed Class*